**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4064**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICKY DOUGLAS CRAWFORD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00138-WO-1)

Submitted: September 30, 2015          Decided: October 6, 2015

Before DUNCAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Douglas Crawford, Jr., was convicted of armed bank robbery, 18 U.S.C. § 2113(a), (d) (2012), and carrying and using, by discharging, a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (2012). Crawford received an aggregate sentence of 382 months. He now appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several claims but stating that there are no meritorious issues for appeal. Crawford has filed a pro se supplemental brief. We affirm.

I

Crawford first contends that his right to a speedy trial was violated. Because he did not raise this claim below, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

The record reflects that the indictment was returned on April 28, 2014, and trial was scheduled to begin on July 21, 2014. On July 15, defense counsel moved for a continuance until the September term of court because counsel suffered a ruptured appendix on July 9. The district court granted the motion upon the determination that denying the motion "would likely result in a miscarriage of justice by denying counsel for Defendant reasonable time" to prepare a defense and "the ends of justice served by the granting of a continuance . . . outweigh the best

2

interests of the public and the Defendant in a speedy trial." Trial commenced on September 22, 2014.

A defendant has both a statutory and a constitutional right to a speedy trial. Under the Speedy Trial Act, trial must commence within 70 days of the date the information or indictment is filed. 18 U.S.C. § 3161(c)(1) (2012). Periods of delay are excludable from the calculation if they result from the court's granting of the defendant's motion for a continuance, provided that the court grants the motion on the basis "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A defendant also has a Sixth Amendment right to a speedy trial. The Supreme Court has identified four factors to consider when determining if a defendant's constitutional right to a speedy trial has been violated: the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id.

Given the reason for the delay, the relatively short length of the delay, and the lack of any apparent prejudice to the

3

defense caused by the delay, we hold that there was no violation of either the Speedy Trial Act or Crawford's constitutional right to a speedy trial.

II

Counsel claims that the district court erroneously denied Crawford's Fed. R. Crim. P. 29 motion for judgment of acquittal. In a related claim, counsel asserts that the Government violated Crawford's rights when it introduced the allegedly perjured testimony of Crawford's accomplice, Shiheem Williamson. We find neither claim to have merit.

We review de novo a district court's denial of a Rule 29 motion. United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015). "[T]he verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Id. (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Cornell, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted).

Testimony at trial established that on August 15, 2013, two men entered a Wells Fargo Bank in Reidsville, North Carolina. One of the men fired a shot into the ceiling of the bank. The robbers instructed everyone to get on the floor. Both men wore

4

dark clothing, bandanas pulled over their faces, and gloves. They stole approximately $14,000.

Officers who responded viewed surveillance videos and noted what the robbers wore. Later that day, a delivery man at a convenience store glanced into the store's dumpster and noticed what clothing strewn inside. He reported this to the store manager who, in turn, contacted the police. The clothing in the dumpster matched the description of the clothing the robbers had worn. DNA samples taken from bandanas that were recovered from the dumpster matched the DNA of Crawford and his cousin, Shiheem Williamson.

Williamson testified against Crawford. According to Williamson, Crawford planned the robbery, instructing Williamson what to do when they entered the bank and supplying Williamson with gloves and a bandana to wear during the robbery. When they entered the bank, Williamson, as instructed, fired into the ceiling, and Crawford took money from tellers' drawers. They left the bank and drove to the convenience store, where they disposed of their clothing in the dumpster. Williamson identified the clothing that was recovered and introduced at trial as the clothing they had worn during the robbery. He also testified that videos from both the bank and the convenience store were of him and Crawford during the robbery and the subsequent disposal of their clothing.

Finally, Shunta Frazier, who was incarcerated with Crawford for a brief period, testified that Crawford admitted committing the robbery. Among other things, Crawford stated that he and his cousin had thrown clothing worn during the robbery into a dumpster.

Based on the evidence presented at trial, we hold that the evidence was sufficient to convict Crawford of both offenses and that the district court properly denied the Rule 29 motion.

Crawford makes a related claim that the Government erred when it introduced the allegedly perjured testimony of Williamson. We review this allegation for plain error because it was not raised at trial. See United States v. Olano, 507 U.S. at 732-34. At trial, Williamson admitted that, when he was first interviewed by the police, he minimized his role in the offense by stating that it was Crawford who shot into the ceiling and that his take of the proceeds of the robbery was around $300 when, in fact, Crawford gave him $5000. Williamson testified that he lied because he was scared. At trial, defense counsel cross-examined Williamson extensively about the discrepancy between his testimony at trial and his initial statement to the police. The jury had ample opportunity to determine whether Williamson's testimony was truthful. We discern no plain error in the introduction of his testimony.

6

III

Counsel next contends that the district court's instructions on accomplice and informant testimony were erroneous. In reviewing jury instructions, we consider "whether, taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." United States v. Hickman, 626 F.3d 756, 771 (4th Cir. 2010) (internal quotation marks and alteration omitted). We have previously upheld similar accomplice and informant instructions, and we discern no error in the instructions in this case. See United States v. Luck, 611 F.3d 183, 186-87 (4th Cir. 2010) (informant testimony); United States v. Bivins, 104 F. App'x 892, 902 (4th Cir. 2004) (No. 03-4743) (accomplice testimony).

IV

Counsel also maintains that Crawford was incorrectly sentenced as a career offender. Our review of the record, however, establishes conclusively that Crawford qualified as a career offender. He was over 18 when he committed the instant offenses, the present offenses are crimes of violence, and he had the requisite two prior felony convictions for crimes of violence. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). Further, there was no requirement that his career offender status be charged in the indictment and found by the

7

jury beyond a reasonable doubt.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

## V

In his informal brief, Crawford repeats many of the arguments raised in the Anders brief.  He additionally contends that an affidavit filed in support of his arrest warrant was insufficient to establish probable cause.  The arrest warrant, however, states on its face that it was issued pursuant to the indictment.  Accordingly, we find this claim to lack merit.

## VI

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Crawford's convictions and sentence.  This court requires counsel, in writing, to inform Crawford of the right to petition the Supreme Court of the United States for further review.  If Crawford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Crawford.  We dispense with oral argument be cause the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED